OPINION
By the Court,
Steffen, J.:
This is the second time appellant Timothy John Childs has challenged, on appeal to this court, judgments of conviction for gaming crimes stemming from the exploitation of slot machines that are vulnerable to a form of play referred to as “handle popping.” The instant appeal challenges Childs’ judgment of *1051 conviction, pursuant to a bench trial, of one count of attempted fraudulent slot machine manipulation and one count of fraudulent slot machine manipulation. NRS 465.070(7); NRS 193.330. Reversal is mandated by this court’s ruling in Childs v. State, 107 Nev. 584, 816 P.2d 1079 (1991) (hereinafter Childs I).

FACTS

Childs has developed an expertise in locating and exploiting slot machines that are vulnerable to a form of handle manipulation that substantially increases the machines’ pay out. Unfortunately, Childs is not the only person to discover that certain malfunctioning slot machines may be manipulated to yield greater winnings simply by altering the pull of the handle. Moreover, the method of play may reveal itself to the novice as well as the seasoned predator. The procedure, frequently referred to as “handle popping,” involves varying the motion and strength of the pull on the handle in order to stop one of the reels at a point of advantage to the player. The “handle popper” inflicts no damage to the machines and introduces no artificial device to cause the machines to malfunction. The “handle popping” player merely takes advantage of what a slot machine with a misaligned stop bracket will accommodate by skillful manipulation of the handle. See generally Lyons v. State, 105 Nev. 317, 775 P.2d 219 (1989); El Dorado Hotel v. Brown, 100 Nev. 622, 691 P.2d 436 (1984) (Steffen, J., dissenting).
In the instant case, Childs was observed “handle popping” a slot machine at Bill’s Casino. At trial, a slot supervisor testified that he saw Childs pull down on the handle of the machine and then jerk it in such a way that one of the three reels would stop spinning prematurely. The day after the incident at Bill’s Casino, Childs was seen and arrested at the High Sierra for engaging in the same method of play with the same results.
The district court found Childs guilty of attempted fraudulent slot machine manipulation and fraudulent slot machine manipulation and sentenced him to concurrent terms of five and ten years in the Nevada State Prison.

DISCUSSION

Childs is the same party who successfully sought relief from this court in Childs I. Although Childs was also convicted of burglary in the first case, the conduct underlying his earlier convictions is identical to the conduct that formed the basis for the convictions that prompted this appeal.
Childs I addressed the legislative response to our decision in *1052 Lyons that declared NRS 465.015 (cheating at gambling) unconstitutionally vague as applied to non-damaging manipulation of slot machine handles (handle popping). The new statutory provision, NRS 465.070(7),[1] which specifically grappled with the problem of defining the unlawful manipulation of a slot machine handle, was also declared invalid in Childs I because the new law failed to adequately define the proscribed conduct.
Childs I is dispositive of this appeal. There has been no transfusion of clarity in NRS 465.070(7), the slot machine statute that we declared deficient in Childs I, and the conduct prosecuted in that case is, as previously noted, identical to the conduct involved here.
The dissent would affirm Childs’ convictions on grounds that he intended to cheat or not play by the rules. Committing a noncriminal act with criminal intent is not a crime. One of the most basic tenets of criminal law is that thoughts alone do not constitute a crime. As the venerable Blackstone explains:
Indeed, to make a complete crime cognizable by human laws, there must be both a will and an act. For, though, in foro conscientiae, a fixed design or will to do an unlawful act is almost as heinous as the commission of it, yet, as no temporal tribunal can search the heart or fathom the intentions of the mind, otherwise than as they are demonstrated by outward actions, it therefore cannot punish for what it cannot know. For which reason, in all temporal jurisdictions, an overt act, or some open evidence of an intended crime, is necessary in order to demonstrate the depravity of the will, before the man is liable to punishment.
4 William Blackstone, Commentaries *21. See also Model Penal Code § 2.02 (proposed official draft 1962); Wayne LaFave & Austin Scott, Jr., Criminal Law 177 (1972). In Childs I we held that NRS 465.070(7) did not define the proscribed conduct. Without defining the crime in terms sufficiently clear to impart notice and understanding of the proscribed conduct to persons of ordinary intelligence, there is no prosecutable offense. Childs I at *1053 585, 816 P.2d at 1079-80 (quoting from Lyons, 105 Nev. at 320, 775 P.2d at 221).

CONCLUSION

Because Childs I is dispositive of this appeal, the judgments of convictions entered against Childs are reversed.
Young and Shearing, JJ., concur.

In pertinent part, NRS 465.070(7) provides:
It is unlawful for any person:
7. To manipulate, with the intent to cheat, any component of a gaming device in a manner contrary to the designed and normal operational purpose for the component, including, but not limited to, varying the pull of the handle of a slot machine, with knowledge that the manipulation affects the outcome of the game or with knowledge of any event that affects the outcome of the game.